IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

A SOCIETY WITHOUT A NAME ("ASWAN"),

    Plaintiff,

v.                                                        Case No. 3:09-CV-480

COMMONWEALTH OF VIRGINIA, ET AL.,

    Defendants.

**COMMONWEALTH OF VIRGINIA'S
RESPONSE TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court should adopt the Magistrate Judge's Report and Recommendation ("R&R") regarding Counts I through III against the Commonwealth of Virginia ("Commonwealth"), and reject the Plaintiff's Objections to the same, for the following reasons: (1) the Plaintiff alleges no facts establishing a violation of the Americans with Disabilities Act ("ADA") or Fair Housing Act ("FHA") within their applicable statutes of limitations; (2) the Plaintiff fails to establish a retaliation claim, regardless of whether it is properly captioned in the Second Amended Complaint; and (3) Plaintiff's request to amend the Complaint a third time regarding claims against the Commonwealth should be denied on futility grounds.

**Argument**

**I. The Plaintiff Alleges No Facts Establishing ADA or FHA Violations ("Continuing" or Otherwise) within the Applicable Statutes of Limitations**

The Magistrate Judge correctly concluded in Section IV.B.1 and 2 of the Report and Recommendation that the ADA has a one-year statute of limitation under applicable

federal and state law, and the FHA has a two-year limitation period. *Thompson v. Virginia Department of Game and Inland Fisheries*, Case No. 1:05cv00109, 2006 U.S. Dist. LEXIS 29796, at *9-10 (W.D.Va. 2006), *aff'd*, 196 Fed. Appx. 164, 165 (4th Cir. 2006)(per curiam)(one-year period for ADA); *Childress v. Clement*, 5 F. Supp. 2d 384, 388 (E.D. Va. 1998)(one-year period for ADA); *Thorne v. Hale*, Case No. 1:08-cv-601, 2009 U.S. Dist. LEXIS 25938, at *13 (E.D.Va. 2009)(one-year period for ADA); 42 U.S.C. § 3613(a)(1)(A)(two-year period for FHA). The opening of the Conrad Center on February 5, 2007, was the latest time those statutes would have tolled regarding the actual moving of Freedom House's services to the new Conrad Center. This action was filed on February 17, 2009.

Indeed, <u>the limitation period for the ADA claim against the Commonwealth ran by December 10, 2005, more than three years before this action was filed</u> (or more than two years even under the Plaintiff's two-year statute of limitations theory) because VCU entered into a lease for the Oliver Hill Way property on December 10, 2004. *See* Commonwealth's Mem. of Law in Supp. of Mot. to Dismiss, Ex. A. That was the latest date for any alleged "discriminatory act" by VCU regarding the relocation of Freedom House. *Thompson*, 2006 U.S. Dist. LEXIS 29796 at *9-10, *aff'd*, 196 Fed. Appx. at 165 (citation omitted).

In the Fourth Circuit, an ADA claim begins to run at the time of the discriminatory act, <u>not</u> when the "consequences of the discrimination become painful." *Id*. The Magistrate Judge noted that the lease signing was the time when the ADA claim began running against the Commonwealth. *See* Report & Recommend. at 20 n.15.

In order to overcome this limitation problem, ASWAN grasps at straws to find actions taken by the Commonwealth which ASWAN claims are discriminatory. The only actions ASWAN points to are purported requests made by VCU, to groups providing help to the homeless, that they voluntarily move their work to the new Conrad Center. Pl's Opp. to R&R at 17; Second Amend. Comp. ¶ 107. But there is no case law or language within the ADA which even remotely makes such requests, for voluntary relocation, actionable. This is especially so when ASWAN nowhere alleges that those efforts were successful, depriving ASWAN of any harm and, therefore, any cause of action. ASWAN also fails to allege <u>facts</u> showing that any such alleged efforts were motivated by discriminatory animus related to anyone's disability. *Baird v. Rose,* 192 F.3d 462, 467-70 (4th Cir. 1999)(cited in R&R at 19).

The Commonwealth adopts the arguments made by the other Defendants regarding the FHA claims, which are time barred against all the Defendants (R&R IV.2.1.b, n.16), and are barred as to the Commonwealth under the Eleventh Amendment and the doctrine of sovereign immunity (*id.* n.17). The Court also should adopt the Report and Recommendation's conclusion that the Plaintiff fails to establish continuing violations under the ADA or FHA, for the reasons stated therein and in the other filings before the Court. *See* R&R IV.B.1.b & 2.b.

**II.  The Court Should Reject Plaintiff's Arguments about Its ADA Retaliation Claim against the Commonwealth**

1. <u>The Magistrate's Recommendation on the Retaliation Claim Is Sound</u>

In Section IV.C of the Report and Recommendation, the Magistrate Judge properly concluded that the Plaintiff fails to establish the elements of a retaliation claim against the Commonwealth. The Magistrate Judge found that the alleged act of

retaliation (postponing partial funding for a transportation pilot project) was for a service which the Commonwealth, through VCU, has no obligation to provide. R&R IV.C.

The Commonwealth must state categorically that VCU has taken no action to "retaliate" against or "punish" the Plaintiff. Pl.'s Objections at 20. Much to the contrary. The Plaintiff improperly refers to confidential settlement discussions regarding a small pilot transportation project, which the Daily Planet and Freedom House discussed starting after this suit was filed, in which VCU had no obligation to participate.

VCU's decision not to go beyond preliminary discussions regarding a gratuitous pilot project does not constitute "retaliation." *See Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1482-84 (4th Cir. 1996)(en banc)(employer's discontinuation of gratuitous health care benefits did not violate ERISA's anti-retaliation provision); *Richmond v. Univ. of Oklahoma Bd. of Regents,* Record No. 97-5181, 1998 U.S. App. LEXIS 26600, *10 (10th Cir. 1998)(applying *Stiltner* in Title VII case). Holding otherwise would discourage institutions from engaging in gratuitous projects for fear that any discontinuation of them would lead to a lawsuit.

The Fourth Circuit based its holding in *Stiltner* in part on that public policy rational, to avoid discouraging employers from providing gratuitous employment benefits. 74 F.3d at 1484. This Court has applied the holding in *Stiltner* to a retaliation claim under Title VII, an analogous context to the one here, citing the same reasoning. *Nasis-Parsons v. Wynne*, Case No. 4:05cv35, 2006 U.S. Dist. LEXIS 35325, *18-20 (E.D.Va. 2006)(citing "public policy of encouraging discretionary, gratuitous bonuses"). On this ground, the Court should adopt the Magistrate's Report and Recommendation on the retaliation claim against the Commonwealth.

> 2. There Is Also No Objectively Reasonable Basis for the Underlying ADA Claim against the Commonwealth, Undermining the Retaliation Claim

Such allegations aside, Plaintiff's retaliation claim cannot stand because the underlying ADA claim against the Commonwealth has no reasonable basis.[1] An ADA retaliation claim cannot survive if the underlying ADA claim or claims have no objectively reasonable basis. *See Mason v. Wyeth, Inc.*, 183 Fed. Appx. 353, 363 (4th Cir. 2006)(ADA claim must have objectively reasonable, good faith basis to support retaliation claim). In *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216-17 (4th Cir. 2002), the Fourth Circuit affirmed the dismissal of a retaliation claim because the underlying ADA claim had no reasonable basis. On this ground also, the Commonwealth asks this Court to dismiss this claim with prejudice, otherwise the Plaintiff has indicated that it will re-file this claim in another suit. *See* Pl.'s Objections at 1.

There are several reasons why this ADA claim had no reasonable basis. First, regarding the limitations period, even under the Plaintiff's view that a two-year statute of limitations applies to the ADA claim, Plaintiff filed this claim more than two years too late. The lease for the property where the Conrad Center rests was executed between VCU and Freedom House in December 2005. This action was not filed until February 2009. The only actions identified by Plaintiff since the lease signing are alleged requests, from sometime in 2009, to get other homeless service providers to move to the new Conrad Center. Second Amend. Compl. ¶ 107. Such allegations, which VCU disputes,

---

[1] The Commonwealth seeks a ruling on the lack of reasonableness solely to defend against the retaliation claim, not for Rule 11 purposes. The Commonwealth has no desire to seek such relief from a public interest attorney or from an indigent party.

5

are not actionable, especially since they were apparently unsuccessful[2] and caused Plaintiff no harm.

Second, as stated in the Commonwealth's Motion to Dismiss and Memorandum of Law, there is no case law in any jurisdiction supporting the theory that a hill can be a "barrier" under the ADA.[3]  Third, the few cases dealing with ADA "segregation" apply to organizations such as zoning boards, not educational institutions such as VCU. *See, e.g., Pathways Psychosocial v. Town of Leonardtown, Md.*, 133 F. Supp.2d 772 (D.Md. 2001).  Here, VCU voluntarily offered unused land to Freedom House, which voluntarily accepted it.  That in no way constitutes "segregation" by VCU under the ADA.  This fact alone undermines the entire ADA claim against the Commonwealth.

Fourth, the Plaintiff alleges no facts showing that disabled members of ASWAN are segregated in any way from non-disabled persons at the new location of the Conrad Center.  The ADA does not guarantee ASWAN the right to "visibility" in the downtown area.  Fifth, because VCU has never been in the business of providing transportation to and from homeless facilities, the ADA does not require that VCU provide such an accommodation.  *See* 28 CFR § 35.130(B)(7)(request for accommodation cannot "fundamentally alter the nature of the service, program, or activity" of a defendant).  For all the reasons stated above, the underlying ADA claim has no reasonable basis, and the retaliation claim should be dismissed with prejudice.

---

[2] The Plaintiff alleges no facts showing any harm from these alleged efforts.

[3] Rather, the statute specifically refers to "architectural, communication, or transportation barriers." 42 U.S.C. § 12131(2).  The "barrier" referenced by ASWAN is a hill for which it needs transportation accommodation.  If ASWAN's theory is correct, then facilities could be sued for being located on hills or inclines, or on the other side of hills or inclines affecting their clients, subjecting them to liability for geographical features beyond their control.  This would stretch the ADA beyond recognition.

### III. Plaintiff's Request to Amend the Complaint Should Be Denied

The Plaintiff in its Objections at 1 informally requests leave to file yet another Complaint to recast its retaliation claim against the Commonwealth. The Court should deny that request due to futility for all the reasons stated above, as well as in the Report and Recommendation, and for the reasons cited in all the Motions to Dismiss filed by all three Defendants regarding the underlying ADA claims. *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006)(request to amend should be denied when futile).

### **Conclusion**

For the reasons stated above, the Court should reject the Plaintiff's Objections to the Report and Recommendation and adopt that Report and Recommendation, noting the arguments above regarding the retaliation claim, and dismissing all claims against the Commonwealth with prejudice.

Respectfully submitted,

COMMONWEALTH OF VIRGINIA

Defendant

By:      /S/
        _____
Stephen M. Hall
Assistant Attorney General
Virginia Bar No. 44132
Counsel for Defendant Commonwealth
 of Virginia
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-1586
Fax: (804) 371-2087
E-mail: shall@oag.state.va.us

Kenneth T. Cucinnelli, II
Attorney General of Virginia

Wesley G. Russell, Jr.
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General

\* Stephen M. Hall
Assistant Attorney General III
Office of Attorney General
900 East Main Street
Richmond, VA 23219
Phone: (804) 786-1586
Fax: (804) 371-2087

\* Counsel of Record

**CERTIFICATE OF SERVICE**

I certify on this 11th day of January, 2010, I will file a copy of the forgoing with the Court's ECF filing system.

/S/
_____
Stephen M. Hall